**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br>    Andres A. Valdez and<br>    Leonora Chrisanthou,<br><br>                Debtor(s). | Case No.: 18-13038<br><br>Chapter 7<br><br>Hon. Deborah L. Thorne |

**NOTICE OF MOTION**

To:     See attached Service List

PLEASE TAKE NOTICE that on **Thursday, September 6, 2018, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, I will appear before the Honorable Deborah L. Thorne, Bankruptcy Judge, or any other judge sitting in her stead, in **Courtroom 613**, Everett M. Dirksen U.S. Courthouse, 219 South Dearborn, Chicago, Illinois 60604, and then and there present the attached **Motion to Modify Discharge Injunction**.

DATED: August 25, 2018

Respectfully Submitted,

_/s/ Arthur Corbin_
Arthur Corbin, ARDC #6305658

CORBIN LAW FIRM, LLC
2500 E. Devon Ave., Ste. 200
Des Plaines, IL 60018
Tel: (773) 570-0054
Fax: (773) 570-5449
arthur@corbin-law.com

**CERTIFICATE OF SERVICE**

I, Arthur Corbin, an attorney, certify that the above Notice of Motion and the attached Application was filed on August 25, 2018, and served on all parties identified as Registrants on the Service List below through the Court's Electronic Notice for Registrants and, as to all other parties on the Service List, via First Class U.S. Mail, postage prepaid and properly addressed, deposited with the U.S. Postal Service on August 25, 2018.

_/s/ Arthur Corbin_
Arthur Corbin, ARDC #6305658

## SERVICE LIST

Parties Served by the Court's Electronic Notice for Registrants:

- Frances Gecker, 325 North LaSalle Street, Suite 625, Chicago, IL 60654

- William S. Ryan, 3101 N. 25th Ave., Franklin Park, IL 60131

Parties Served via First Class U.S. Mail:

Andres A. Valdez
6862 W Gunnison # 2S
Harwood Heights, IL 60 706

Leonora Chrisanthou
6862 W Gunnison # 2S
Harwood Heights, IL 60 706

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:<br>  Andres A. Valdez and<br>  Leonora Chrisanthou,<br><br>            Debtor(s). | Case No.: 18-13038<br><br>Chapter 7<br><br>Hon. Deborah L. Thorne |

## MOTION TO MODIFY DISCHARGE INJUNCTION

NOW COME creditors, Sofia Drewniana, Dariusz Drewniany, Natalia Drewniany, and Anna Drewniany ("Creditors"), by their attorney, Arthur Corbin, and respectfully request the Court to modify the section 524 discharge injunction,11 U.S.C. § 524, and state as follows:

### INTRODUCTION

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. And this is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

2. On May 3, 2018, Debtors, Andres A. Valdez and Leonora Chrisanthou, filed this case under chapter 7 of the U.S. Bankruptcy Code.

3. Ms. Frances Gecker was appointed as the chapter 7 trustee.

4. The section 341 meeting of creditors was held on June 22, 2018, and on June 25, 2018, the trustee filed the Chapter 7 Trustee's Report of No Distribution.

5. The discharge order pursuant to 11 U.S.C. § 727 was granted to both Debtors on August 22, 2018.

### MODIFICATION OF DISCHARGE INJUNCTION

6. Creditors are seeking modification of the bankruptcy discharge injunction in order to resume prosecuting their state court personal injury action against Andres A. Valdez

("Debtor 1") to the extent insurance proceeds are available to compensate Creditors for their injuries and damages and to establish Debtor 1's liability.

7. Creditors filed their lawsuit on November 08, 2017, in the Circuit Court of Cook County, Illinois, as Case No. 2017-M1-302313, against Debtor 1 due to injuries and damages sustained in a motor vehicle accident. The lawsuit is styled as Sofia Drewniana, Dariusz Drewwnlany [sic], Natlia [sic] Drewnlany [sic], Anna Drewnlany [sic] v. Andres A. Valdez.

8. Debtors included Creditors as nonpriority general unsecured creditors in their Schedule E/F, Line Item 4.26: "Zofia Drewniana, Dariusz Drewniany, *et al.* c/o Groszek Law Firm/Attorney for [Plaintiffs]." *Debtors' Schedule E/F, Line Item 4.26*.

9. Creditors are seeking modification of the discharge injunction as to Debtor 1 because in Illinois direct actions against insurers are prohibited, *see In re Shondel,* 950 F.2d 1301, 1308 (7th Cir., 1991)(stating that Illinois prohibits direct actions against insurers and citing Illinois cases), and plaintiffs must first obtain judgments against defendants as a prerequisite to recovering from insurers. *See id.* (concluding that because direct actions against insurers are prohibited, a creditor-plaintiff must obtain a judgment against the debtor-defendant "as a prerequisite to recovering from [debtor-defendant's] insurer").

10. The bankruptcy discharge is governed by 11 U.S.C. § 524. *In re Shondel*, 950 F.2d at 1306.

11. Section 524(a) provides that a discharge "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability *of the debtor*...." 11 U.S.C. § 524(a)(2); *In re Shondel*, 950 F.2d at 1306. (emphasis added)

12. However, section 524(e) provides that the discharge "does not affect the liability of *any other entity* on, or the property of any other entity for, such debt[,]" 11 U.S.C. § 524(e), *In re Shondel*, 950 F.2d at 1306 (emphasis added), because the bankruptcy fresh start "is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *In re Shondel*, 950 F.2d at 1308 (quoting *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 975 (11th Cir.1989) (internal citations omitted).

13. In *Shondel*, the Seventh Circuit affirmed the district court's decision affirming the bankruptcy court's reopening of the bankruptcy case and modification of the discharge injunction to allow the creditor-plaintiff to pursue a wrongful death action in Illinois state court against the debtor-defendant to recover from the insurer. *In re Shondel*, 950 F.2d at 1309.

14. The Seventh Circuit concluded that the bankruptcy discharge injunction under section 524 "does not preclude the determination of a debtor's liability for the purpose of recovery from an insurer." *Id.* at 1307.

15. The court adopted the rationale from *In re Fernstrom Storage & Van Co.*, 938 F.2d 731 (7th Cir.1991) which held that "neither the failure to file a proof of claim nor the automatic stay of section 362(a) precludes an action against a debtor to obtain recovery from the debtor's insurer." *In re Shondel*, 950 F.2d at 1307. In *Fernstrom*, the court reasoned that "determination [of liability] will neither deplete the debtor's assets or otherwise interfere with the administration of the bankruptcy proceeding, nor hinder the debtor's fresh start… Rather, it will operate only as 'a prerequisite to recovery against another entity.' " *In re Fernstrom Storage & Van Co.*, 938 F.2d at 734 (quoting *In re Walker*, 927 F.2d 1138, 1142 (10th Cir., 1991).

16. Due to the foregoing, the Seventh Circuit had "little difficulty concluding that the bankruptcy court [has] the power to modify the injunction issued pursuant to section 524" to allow a creditor-plaintiff in an Illinois tort claim to prosecute the state court action to establish the debtor-defendant's liability and recover from the insurer. *In re Shondel*, 950 F.2d at 1308-1309.

## CONCLUSION

17. Creditors will only prosecute the state court action to establish Debtor 1's liability and will only seek recovery from Debtor 1's insurer and not Debtor 1 personally, or from Debtor 1's property or the property of the estate.

18. Therefore, Creditors respectfully request the Court to modify the permanent injunction issued under section 524.

WHEREFORE, Creditors, Sofia Drewniana, Dariusz Drewniany, Natalia Drewniany, and Anna Drewniany, respectfully request the Court to enter an order to modify the discharge injunction issued to Debtor 1, Andres A. Valdez, under section 524 to:

A. Allow Creditors to resume their action against Debtor 1, Andres A. Valdez, for the limited purpose of establishing liability;

B. Allow Creditors to recover damages from Debtor 1's insurer to the extent insurance proceeds are available to compensate Creditors for injury and damages; and

C. Grant any other relief the Court deems proper and just.

Dated: August 25, 2018

Respectfully Submitted,

 /s/ *Arthur Corbin*
Arthur Corbin, ARDC#6305658
Attorney for Creditors
CORBIN LAW FIRM, LLC
2500 E. Devon Ave., Ste. 200
Des Plaines, IL 60018
Tel: (773) 570-0054